QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
    claudestern@quinnemanuel.com
  Rachel Herrick (Bar No. 191060)
    rachelherrick@quinnemanuel.com
  Evette D. Pennypacker (Bar No. 203515)
    evettepennypacker@quinnemanuel.com
  Doug Colt (Bar No. 210915)
    dougcolt@quinnemanuel.com
  Staci Dresher (Bar No. 226815)
    stacidresher@quinnemanuel.com

555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff
INTUIT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTUIT INC, <br><br> Plaintiff, <br><br> vs. <br><br> H&R BLOCK EASTERN ENTERPRISES, INC., H&R BLOCK ENTERPRISES, INC., H&R BLOCK AND ASSOCIATES, L.P., AND HRB ROYALTY, INC. <br><br> Defendants. | CASE NO._____ <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT; FALSE ADVERTISING; TRADEMARK DISPARAGEMENT; PRODUCT DISPARAGEMENT; UNFAIR BUSINESS PRACTICES; AND TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **CERTIFICATION OF INTERESTED ENTITIES [CIVIL L.R. 3-16]** |

Plaintiff Intuit Inc. ("Intuit") hereby avers for its complaint against H&R Block Eastern Enterprises, Inc., H&R Block Enterprises, Inc., and H&R Block and Assoc., L.P. (collectively "H&R Block") as follows:

## INTRODUCTION

At the core of this lawsuit is an H&R Block television advertisement that copies a compelling Intuit television advertisement. As explained below, H&R Block's ad is a reckless act

COMPLAINT
Case No.:_____

by a beleaguered company in desperate circumstances. In the last three months alone, H&R Block has admitted to incorrectly preparing its own tax returns; has suffered what it called a "self-inflicted injury" that cost it some 250,000 customers; has been sued by the Attorney General of California for fraud and unfair competition in connection with its Refund Anticipation Loans; has been sued by the Attorney General of New York for fraud in connection with offering to low-income individuals IRAs that cost them money as opposed to increasing savings; has restated its net income for the prior two years, reporting a $30.5 million reduction to earnings; has watched its stock plummet over the past year; and has been hit with shareholder suits around the country.

Block's wrongdoing in the present case consists largely of its copying one of Intuit's compelling TurboTax® television advertisements, "lifting" the setting, mood, characters, character personalities, pace, and storyline. Block reproduced every detail down to the type of coffee mug and its relative placement next to the laptop on the kitchen table. This shameful act reflects the vacuum of vision that has contributed to Block's collapse in the market. Adding insult to injury, Block has used the creative and unique expressive elements from Intuit's advertisement to convey false and misleading messages to the parties' customer base. Quite literally, Block's advertisement uses Intuit-created characters in an Intuit-created setting to mouth disparaging falsehoods about TurboTax® and unjustifiably misrepresent Block's own services. Both Block's copyright infringement and false advertising should be enjoined immediately to end the irreparable harm Intuit is incurring every day Block's derivative ad continues to air, particularly in these critical final two weeks of the tax season.

## PARTIES

1. Plaintiff Intuit Inc. is a corporation organized under the laws of the State of Delaware with its principal office in Mountain View, California.

2. Upon information and belief, Defendant H&R Block Eastern Enterprises, Inc. is a Missouri corporation with its principal office in Kansas City, Missouri.

3. Upon information and belief, Defendant H&R Block Enterprises, Inc. is a Missouri corporation with its principal place of business in Kansas City, Missouri.

COMPLAINT  -2-
Case No:_____

1    4.  Upon information and belief, Defendant H&R Block and Associates, L.P. is organized under Delaware law and has its principal place of business in Kansas City, Missouri.

5.  Upon information and belief, Defendant HRB Royalty, Inc. is a Delaware Corporation with its principal place of business in Nassau, Bahamas.

6.  Upon information and belief, Defendants are all either direct or indirect subsidiaries of H&R Block, Inc., a family of companies that provides tax preparation services to individual consumers and businesses through a network of stores in California and throughout the country and compete with Intuit.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction under 17 U.S.C. § 502 and 28 U.S.C. §§ 1331, 1338(a), 1338(b) & 1367.

8.  Because defendants have operations and operate numerous offices in this district and therefore are subject to personal jurisdiction here, venue is proper here under 28 U.S.C. § 1391(b) & (c) and 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL CLAIMS

TurboTax

9.  Intuit is in the business of developing, publishing, distributing, and marketing financial software for individual consumers and small businesses as well as related goods and services. Intuit produces and distributes, among other things, the award-winning and industry leading tax preparation software, TurboTax®, which allows individual taxpayers to prepare both federal and state income-tax returns. Millions of taxpayers use TurboTax® to prepare their returns, and most these are returning TurboTax® customers.

10. TurboTax® software guides consumers through the process of preparing their tax returns on a step-by-step basis.

11. The software contains numerous help features, including:

   a.  hundreds of help links that appear automatically and offer additional information on various tax-preparation issues;

COMPLAINT                                    -3-
Case No:_____

    b.  more than 30 videos, which appear automatically at various stages, to guide users through more complicated tax preparation questions;

    c.  a help menu that allows users to get information on hundreds of topics, including IRS publications and the "TurboTax Income Tax Handbook"; and

    d.  an online support center at www.support.turbotax.com that has thousands of searchable help topics as well as a user forum where individuals can post questions, receive answers, and browse through previous questions and answers.

12. TurboTax® users also have several options for consulting with a tax advisor. For an additional charge of $19.95, users can request a callback from a tax advisor within forty-eight hours of their question. For an additional flat fee, a user can send his or her return to a tax professional for review and consultation about specific questions concerning the return.

13. TurboTax® has an automatic audit flagging feature that provides guidance concerning potential audit triggers.

14. After completing a return, each user is asked whether he or she would like to take advantage of an "Audit Defense" program, which can be purchased for a flat fee, and which provides the user with the personal services of an audit defense professional, who will represent the user throughout the entire audit and will appear for all appointments and handle all correspondence with the IRS should the user be audited.

H&R Block

15. Upon information and belief, H&R Block provides tax preparation services to individual consumers and businesses through a network of stores in California and throughout the country.

16. Intuit competes directly with H&R Block in the tax-preparation market.

The "No More Tax Stores" Advertisement

17. In approximately June 2005, Intuit began working with its advertising firm to develop a television and radio advertising campaign to promote TurboTax® in the upcoming income tax season.

COMPLAINT          -4-

Case No:_____

18.     Because of the cyclical nature of the tax preparation market, most sales of TurboTax® occur in the first four months of each calendar year.

19.     Over the next six months, at considerable cost, Intuit developed a television and radio advertising campaign spearheaded by a television advertisement entitled "No More Tax Stores."

20.     The No More Tax Stores advertisement was shipped to television and radio networks throughout the country on December 21, 2005, and the advertisement began airing nationwide on or about January 9, 2006.

21.     Intuit is the sole owner of the copyright to the No More Tax Stores advertisement. The advertisement is a wholly original work, and under Intuit's agreement with the advertising agency with which it worked to develop the No More Tax Stores advertisement, the agency assigned Intuit all copyrights to it.

The Modified Versions of the No More Tax Stores Advertisement

22.     On or around January 17, 2006, Intuit began airing another version of the No More Tax Stores advertisement, and it later began airing a third version of the No More Tax Stores ad, which was identical to the original except that the soundtrack was modified in certain respects. This version of the advertisement began airing on or about February 4, 2006.

23.     Intuit is the sole owner and claimant of the copyrights in all three versions of the No More Tax Stores advertisement and has filed applications for the registration of each of them.

The Block TurboTax Derivative Advertisement

24.     Upon information and belief, H&R Block had access to the No More Tax Stores advertisements at or around the time they were first broadcast nationally, beginning on or around January 9, 2006.

25.     Upon information and belief, on March 10, 2006, H&R Block began airing a advertisement in Portland, Oregon; West Palm Beach, Florida; and perhaps other areas as well, which is substantially similar, and in some instances, virtually identical, to Intuit's No More Tax Stores advertisement (the "Block TurboTax Derivative Advertisement").

COMPLAINT                                    -5-
Case No:_____

26. The Block TurboTax Derivative Advertisement conveys, at a minimum, the following false and misleading messages:

   a) That TurboTax is nothing more than a software program that does not provide any live, human support for preparing tax returns.

   b) That TurboTax will not provide "help with your taxes before, during and after the process," including providing assistance in the event of an audit.

   c) That TurboTax users are prone to making mistakes and question whether they accurately completed their taxes because the TurboTax program does not provide sufficient assistance and/or that the only assistance TurboTax provides is "on the back of the box."

   d) That TurboTax will not "get it right" in preparing tax returns.

   e) That H&R Block will provide audit defense services in connection with the audit of a tax return prepared using TurboTax; that "more than 70,000 tax professionals" are "ready" to provide such services; and that such services are available to anyone who walks into any one of H&R Block's "12,000 locations."

   f) That all TurboTax users will be audited or are more likely to be audited than those who use other methods of preparing their taxes.

27. In contrast to the false and misleading messages conveyed by the Block TurboTax Derivative Advertisement, the true facts are:

   a) TurboTax®'s extensive tax support includes live tax advice and review of returns by a tax professional.

   b) TurboTax® has offered an audit defense service to its customers since approximately 1998.

   c) TurboTax® offers extensive support embedded in the program.

   d) TurboTax is widely recognized as a reliable alternative to having taxes prepared by a franchise tax store or certified public accountant and TurboTax® has a very high rate of customer satisfaction.

1  e)  Upon information and belief, H&R Block stores are not uniformly prepared or capable of providing advice in connection with any audit of a return prepared using TurboTax®.

Harm Caused By the Block TurboTax Derivative Advertisement

28. The clear intention of the Block TurboTax Derivative Advertisement is to undermine the goodwill generated by the No More Tax Stores ad and falsely persuade taxpayers that TurboTax® is unreliable, unhelpful, and unsupportive. By conveying to viewers that TurboTax® does not offer any tax support, one-on-one expert assistance, or audit defense services, the Block TurboTax Derivative Advertisement incorrectly describes the nature of the TurboTax® product and services, thereby damaging TurboTax®'s reputation. Likewise, by implying that TurboTax® users will be, or are more likely to be audited, Block plays on the worst fear of most taxpayers: an audit.

29. Historically, Intuit has used TurboTax® advertisements developed in a prior year as part of its advertising campaign in a later year. Sometimes the advertisement is used as it is, or it may be slightly modified. Extending the usability of a completed advertisement beyond the initial year in which it was created has significant advantages, including that it further solidifies brand identity and message to viewers of the advertisement and that it is far less expensive than developing and creating a new advertisement entirely from scratch. As referenced above, the process of creating a television advertisement is lengthy and work-intensive, and it is expensive. Given the Block TurboTax Derivative Advertisement, however, it is now risky for Intuit to continue airing the No More Tax Stores advertisement this year, and it would be risky for Intuit to air the No More Tax Stores ad again next year, because the viewing public may have come to associate the images and characters of the No More Tax Stores with Block's new, disparaging ad that appropriated Intuit's characters. Accordingly, Intuit will be deprived of the benefit of its investment in the No More Tax Stores ad and may be forced to spend more money and time creating an additional advertisement for next year.

COMPLAINT -7-
Case No:

## FIRST CAUSE OF ACTION
### (Copyright Infringement -- 17 U.S.C. § 106 *et seq.*)

30. Intuit hereby realleges, as if set forth fully herein, the allegations of paragraphs 1 through 25 and 29.

31. Intuit's No More Tax Stores advertisements are original works of authorship fixed in a tangible medium of expression.

32. Intuit owns the copyright for the No More Tax Stores advertisement, and both versions of it that promote TurboTax®, and it has applied has applied to the United States Copyright Office for a certificate of registration covering the advertisement.

33. Upon information and belief, H&R Block was aware of the No More Tax Stores advertisement beginning no later than January 13, 2006.

34. The Block TurboTax Derivative Advertisement is substantially similar to Intuit's No More Tax Stores advertisement. Among other substantial similarities, the Block advertisement uses the same characters, in a substantially similar set, interacting in a substantially similar way, and its storyline appears to take place after the events portrayed in the No More Tax Stores advertisement.

35. Intuit has not licensed or otherwise authorized H&R Block to use the No More Tax Stores advertisement. As a consequence, H&R Block's production, display, publication and distribution of the Block TurboTax Derivative Advertisement infringes Intuit's exclusive rights as owner of the copyright in the No More Tax Stores works owned by Intuit.

36. Upon information and belief, H&R Block's willful infringement has undermined the value of the No More Taxes Stores advertisement, depriving Intuit of the additional sales and goodwill this well received advertisement could have created and may force Intuit to invest in creating and developing other advertisements.

37. Because Defendants' actions have caused, and will continue to cause, irreparable damage to Intuit for which it has no remedy at law, Intuit is entitled to a preliminary injunction and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and all persons acting thereunder, in concert therewith or on their behalf, from

COMPLAINT -8-
Case No:

1  copyright, displaying, distributing, or otherwise using Intuit's copyrighted work in violation of
2  17 U.S.C. § 106.

3  38. Intuit is further entitled to an award of its damages and of defendants' profits
4  attributable to such infringements, or, at Intuit's election, statutory damages in an amount up to
5  $150,000.

6  39. Intuit is further entitled to recover the costs of suit and reasonable attorneys' fees,
7  pursuant to 17 U.S.C. § 504.

## SECOND CAUSE OF ACTION
### (False Advertising -- Lanham Act § 43(a), 15 U.S.C. § 1125(a))

10  40. Intuit hereby realleges, as if set forth fully herein, the allegations of paragraphs 1
11  through 29.

12  41. As detailed above, the messages that a reasonable viewer would understand from
13  the Block TurboTax Derivative Advertisement are false and misleading.

14  42. The Block TurboTax Derivative Advertisement has actually deceived or is likely to
15  continue to deceive members of the public, who have chosen or will choose not to use TurboTax®
16  as a result.

17  43. Defendants caused the Block TurboTax Derivative Advertisement to enter
18  interstate commerce.

19  44. Intuit has been injured as a result of the Block TurboTax Derivative Advertisement,
20  by direct diversion of sales from Intuit and by diminishing the goodwill associated with the
21  TurboTax® product.

22  45. Intuit is entitled to an award of damages against defendants to compensate it for
23  these injuries as well as costs and attorneys' fees.

24  46. Intuit's remedy at law is not by itself sufficient to compensate Intuit for all the
25  injuries inflicted and threatened by defendants, and Intuit is therefore entitled to injunctive relief to
26  prohibit defendants from continuing their unlawful actions.

27  47. The false and misleading statements in the Block TurboTax Derivative
28  Advertisement were made willfully and intentionally, in bad faith and in conscious disregard of

COMPLAINT                          -9-
Case No:_____

Intuit's rights and the rights of the public. As a consequence, Intuit is entitled treble damages and a disgorgement of defendants' profits, gains and advantages derived from these unlawful acts.

### THIRD CLAIM FOR RELIEF
### (Trademark Disparagement --Lanham Act § 43(a), 15 U.S.C. § 1125(a))

48. Intuit hereby realleges, as if set forth fully herein, the allegations of paragraphs 1 through 29 and 40 through 47.

49. Using the Block TurboTax Derivative Advertisement, H&R Block has engaged in and is currently engaging in a false and misleading commercial advertising campaign.

50. Intuit has registered trademarks in the name "TurboTax" and the distinctive circle and check mark logo (the "Marks"). Intuit has adopted these Marks and used them in interstate commerce in the sale and promotion of Intuit's award-winning TurboTax® software.

51. Intuit has used the TurboTax® mark to identify and distinguish its TurboTax® products from products and services used by others. Intuit applied to register the TurboTax mark with the United States Patent and Trademark Office on October 25, 2000, and the mark was registered on November 27, 2001.

52. Intuit has used the circle and check mark logo to identify and distinguish its TurboTax® software since November 2000. On September 12, 2003, Intuit filed an application to register this mark with the United States Patent and Trademark Office, and on May 17, 2005, the mark was registered.

53. The Block TurboTax Derivative Advertisement disparages the Marks by conveying false and misleading impressions about TurboTax® that disparage Intuit's trademarks and have impugned the quality and integrity of Intuit and its products.

54. The Block TurboTax Derivative Advertisement was published in interstate commerce.

55. Upon information and belief, Intuit has suffered special damages as a direct and proximate result of H&R Block's wrongful conduct set forth herein, in that the false and disparaging representations in the Block TurboTax Derivative Advertisement have induced and continue to induce consumers to refrain from purchasing TurboTax®.

56. Upon information and belief, when H&R Block developed and published the Block TurboTax Derivative Advertisement, it knew that it was false and defamatory of Intuit and Intuit's TurboTax® product. H&R Block's conduct as herein alleged was intentional, wanton and willful, and Intuit therefore seeks, in additional to an award of actual damages, treble damages and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
### (Common Law Product Disparagement/Trade Libel)

57. Intuit hereby realleges, as if set forth fully herein, the allegations of paragraphs 1 through 29 and 40 through 56.

58. The Block TurboTax Derivative Advertisement disparages Intuit's trademarks by conveying false and misleading impressions concerning TurboTax®.

59. On information and belief, H&R Block made these disparaging representations with knowledge of their falsity, or with reckless disregard for the truth. In making these disparaging representations, H&R Block intended to harm Intuit and its Marks.

60. The Block TurboTax Derivative Advertisement was published in interstate commerce.

61. On information and belief, Intuit has suffered special damages as a direct and proximate result of H&R Block's wrongful conduct set forth herein, in that the false and disparaging representations in the H&R Block TurboTax Derivative Advertisement have induced and continue to induce consumers to refrain from purchasing TurboTax.

62. When H&R Block developed and published the Block TurboTax Derivative Advertisement, H&R Block knew that it was false and defamatory of Intuit and Intuit's TurboTax product. H&R Block's conduct as herein alleged was intentional, wanton and willful, and Intuit seeks, in addition to its actual damages, exemplary and punitive damages and an award of attorneys' fees against Block.

COMPLAINT                                     -11-
Case No:

## FIFTH CAUSE OF ACTION
### (Statutory Unfair Competition -- Calif. Bus. & Prof. Code § 17200 *et seq.*)

63. Intuit hereby realleges, as if set forth fully herein, the allegations of paragraphs 1 through 29 and 40 through 62.

64. Defendants are engaging in unfair competition by promoting their tax services through their false, misleading and deceptive representations of fact in the Block TurboTax Derivative Advertisement, which makes statements in connection with the sale or advertisement of goods and services in trade and commerce in California.

65. Upon information and belief, Defendants made false and misleading representations and statements in the Block TurboTax Derivative Advertisement knowing that the advertisement was false, untrue, and misleading.

66. Through these false and misleading statements, Defendants have diverted trade from Intuit, and Intuit has suffered actual damages in the form of lost sales and loss of goodwill as a result.

67. Defendants' misappropriation of Intuit's No More Tax Stores advertisement to make false and misleading statements concerning goods in commerce directed to the State of California violates California Business & Professions Code § 17200 *et seq.*

68. Intuit is entitled to restitution and disgorgement of all monies wrongfully obtained by defendants as a result of their unfair competition and business practices.

69. Intuit's remedy at law is not by itself sufficient to compensate Intuit, and it is therefore entitled to injunctive relief to prohibit defendants from continuing their unlawful actions.

## SIXTH CAUSE OF ACTION
### (Trademark Infringement -- Lanham Act § 32(l), 15 U.S.C. § 1114)

70. Intuit hereby realleges, as if set forth fully herein, the allegations of paragraphs 1 through 29 and 40 through 69.

71. Intuit has not authorized or consented to H&R Block's use of its Marks by defendants or any other H&R Block entity.

COMPLAINT                                  -12-
Case No:_____

72.   H&R Block infringed the Marks in interstate commerce by using them in the Block TurboTax Derivative Advertisement.

73.   H&R Block used the Marks with the intent to confuse, mislead and deceive consumers and in an attempt to benefit from the goodwill and brand recognition that Intuit has developed, at considerable expense, for the TurboTax® software.

74.   As a result of the aforementioned acts, Intuit is entitled to an award of damages against defendants as well as the recovery of its costs and attorneys' fees.

75.   Intuit's remedy at law is not by itself sufficient to compensate Intuit for injuries inflicted and threatened by defendants, and Intuit is therefore entitled to injunctive relief to prohibit defendants from continuing their unlawful actions.

76.   H&R Block's infringement was willful and intentional, in bad faith and in conscious disregard of Intuit's rights and the rights of the public, thus entitling Intuit to an award of treble damages and disgorgement of defendants' profits, gains and advantages derived from these unlawful acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor as follows:

1.   That Defendants, as well as all persons acting under the direction, control, permission or authority of any of the Defendants, be enjoined during the pendency of this action, and permanently thereafter, from all copying, duplicating, reproduction or creation of derivative works of any version of the No More Tax Stores advertisement;

2.   That Defendants, as well as all persons acting under the direction, control, permission or authority of any of the Defendants, be enjoined during the pendency of this action, and permanently thereafter, from all further publication, distribution, broadcasting or marketing of the Block TurboTax Derivative Advertisement or any substantially similar or confusingly similar advertisement;

3.   That Defendants, as well as all persons acting under the direction, control, permission or authority of any of the Defendants, be enjoined during the pendency of this action,

COMPLAINT                                                                           -13-
Case No:_____

and permanently thereafter, from all further public, distribution, or broadcasting of false or misleading statements suggesting:

    a) That TurboTax is nothing more than a software program that does not provide any live, human support for preparing tax returns;.

    b) That TurboTax will not provide "help with your taxes before, during and after the process," including providing assistance in the event of an audit;

    c) That TurboTax users are prone to making mistakes and question whether they accurately completed their taxes because the TurboTax program does not provide sufficient assistance and/or that the only assistance TurboTax provides is "on the back of the box";

    d) That TurboTax will not "get it right" in preparing tax returns;

    e) That H&R Block will provide audit defense services in connection with the audit of a tax return prepared using TurboTax; that "more than 70,000 tax professionals" are "ready" to provide such services; and that such services are available to anyone who walks into any one of H&R Block's "12,000 locations"; or

    f) That all TurboTax users will be audited or are more likely to be audited than those who use other methods of preparing their taxes.

4. That Plaintiff be awarded its damages and Defendants' profits resulting from Defendants' infringement of the Plaintiff's copyright, or, at Plaintiff's election, statutory damages in the amount of up to $150,000 for each copyrighted work of Plaintiff that Defendants have infringed, as well as attorneys' fees and costs pursuant to 17 U.S.C. §§ 503-05;

5. That, on all other claims, Plaintiff be awarded:

    a) its actual damages sustained as a result of Defendants' unlawful conduct;

    b) treble damages;

    c) exemplary and punitive damages as the Courts appropriate;

    d) Defendants' profits, gains and advantages derived from Defendants' unlawful conduct; and

    e) Interest on the foregoing sums;

COMPLAINT -14-
Case No:

1  6. That Plaintiff be awarded its attorneys' fees and costs; and

2  7. That Plaintiff have such other relief as the Court deems just and proper.

DATED: April 3, 2006

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Claude M. Stern
Attorneys for Plaintiff Intuit Inc.

COMPLAINT                                      -15-
Case No:_____

**DEMAND FOR TRIAL BY JURY**

Plaintiff Intuit Inc. demands a trial by jury.

DATED: April 3, 2006

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Claude M. Stern
Claude M. Stern
Attorneys for Plaintiff Intuit Inc.

COMPLAINT
Case No:_____
-16-

## CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there are no interested entities or parties to report.

DATED: April 3, 2006

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _/s/ Claude M. Stern_____
Claude M. Stern
Attorneys for Plaintiff Intuit Inc.

COMPLAINT  -17-
Case No:_____