1  QUINN EMANUEL URQUHART OLIVER
     & HEDGES, LLP
2  Claude M. Stern (Bar No. 96737)
     claudestern@quinnemanuel.com
3  Rachel M. Herrick (Bar No. 191060)
     rachelherrick@quinnemanuel.com
4  Doug Colt (Bar No. 210915)
     dougcolt@quinnemanuel.com
5  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065-2139
6  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
7
   Attorneys for Plaintiff
8  INTUIT INC.

9  JEFFREY L. BLEICH (SBN 144340)
   JEFFREY E. ZINSMEISTER (SBN 235516)
10 MUNGER, TOLLES & OLSON LLP
   560 Mission Street
11 Twenty-Seventh Floor
   San Francisco, CA 94105-2907
12 Telephone: (415) 512-4000
   Facsimile: (415) 512-4077
13
   ASHFAQ CHOWDHURY (*Admitted Pro Hac Vice*)
14   ron.chowdhury@mto.com
   MUNGER, TOLLES & OLSON LLP
15 355 South Grand Avenue
   Los Angeles, CA 90071-1560
16 Telephone: (213) 683-9100
   Facsimile: (213) 687-3702
17
   Attorneys for Defendant
18 H&R BLOCK ENTERPRISES, INC.

19

20                    UNITED STATES DISTRICT COURT

21                   NORTHERN DISTRICT OF CALIFORNIA

22                            SAN JOSE DIVISION

23  INTUIT INC.,                          CASE NO. 06-2327

24              Plaintiff,                [~~PROPOSED~~] STIPULATED
                                          PROTECTIVE ORDER REGARDING
25        vs.                             DISCLOSURE OF CONFIDENTIAL
                                          INFORMATION AS MODIFIED
26  H & R BLOCK EASTERN                   BY THE COURT
    ENTERPRISES, INC., H & R BLOCK
27  ENTERPRISES, INC., H & R BLOCK
    AND ASSOCIATES L.P., and HRB
28

1  ROYALTY, INC.,
2                   Defendants.
3
4         **Whereas**, the parties, Intuit Inc. and H & R Block Enterprises, Inc., desire to
5  establish a mechanism to protect the disclosure of information, pursuant to Fed. R. Civ. P. 26(c),
6  which a party regards as being of a confidential, trade secret, proprietary, technical, commercial,
7  or financial nature, the public disclosure of which would cause damage to the disclosing party;
8  The parties by and through their counsel hereby stipulate to and petition the Court to enter the
9  following Stipulated Protective Order ("Order"):
10  **1.   Definition of "Confidential" and "Confidential-Attorneys' Eyes Only" Information**
11         This Protective Order shall be applicable to all information, things, documents, or
12  portions thereof, produced in this action and designated by any party *or non-party* ("Designating Party") as
13  "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" that is ~~thereafter~~ *produced*
14  furnished, ~~filed or served~~ *or exchanged* directly or indirectly, ~~by or on behalf of that entity~~ in connection with
15  the above-captioned action (this "Proceeding" or this "Litigation"). The treatment of all
16  documents and other information so designated (collectively referred to as "Confidential
17  Material") shall be governed by the terms of this Protective Order.
18  **2.   Definition of "Confidential Material"**
19         "Confidential Material" shall encompass any confidential, proprietary or otherwise
20  sensitive information, including trade secrets, *that warrants protection under* ~~The number of tax returns prepared by any party or~~
21  *FRCP 26(c).* ~~any other individual or entity in any given year shall not constitute Confidential Material.~~ The
22  scope of this Protective Order shall encompass not only those items or things that are expressly
23  designated as Confidential Material, but also any information that can only be derived therefrom,
24  and all copies, photographs, excerpts, and summaries thereof, as well as *deposition* testimony ~~and oral~~
25  ~~conversation~~ derived therefrom or related thereto, *that is designated confidential.*
26  **3.   Designation of Confidential Material**
27         (a)    A real or non-party may designate as "CONFIDENTIAL" those
28

- 2 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Confidential Materials containing confidential, proprietary, trade-secret or otherwise sensitive
2  information ~~as to which the Designating Party customarily takes steps to limit or prevent its~~ which the Designating Party and its counsel
3  ~~disclosure or misuse.~~ believe in good faith warrants protection under FRCP 26(c). ◊√↑

4     (b)  A real or non-party may designate as "CONFIDENTIAL–ATTORNEYS'
5  EYES ONLY" any non-public Confidential Material ~~supplied, disclosed, produced or used in~~ whose disclosure to
6  ~~connection with this Proceeding when it has a good faith belief that the disclosure of such~~ another party would create a substantial risk of
7  ~~material to the adverse party may have a competitively adverse effect on the Designating Party.~~ serious injury that cannot be avoided by less
8  ~~Information or materials designated as "Confidential-Attorneys' Eyes Only" shall be those things~~ restrictive means. ◊√
9  ~~of a proprietary business or technical nature that might be of value to a competitor or potential~~
10 ~~customer or vendor of the party or non-party holding the proprietary rights thereto and must be~~
11 ~~protected from disclosure.~~ ◊√

12    (c)  Once this Protective Order is entered by the Court, documentary
13 Confidential Materials may be designated as "Confidential" or "Confidential-Attorneys' Eyes
14 Only" at the time such documents are produced or such information is disclosed, or as soon
15 thereafter as the party or non-party seeking protection becomes aware of the confidential nature
16 of the information or material disclosed and sought to be protected hereunder. A party shall be
17 presumed to be aware of material seven (7) days after its disclosure.

18    (d)  Deposition testimony may be designated in whole or in part, as
19 "Confidential" or "Confidential-Attorneys' Eyes Only" Information by (i) oral designation on the
20 record, in which case the person making the designation shall instruct the Court Reporter to bind
21 the "Confidential" and "Confidential-Attorneys' Eyes Only" portion of the deposition transcript
22 separately and to stamp the words "Confidential" or "Confidential-Attorneys' Eyes Only," as
23 appropriate, on each transcript page so designated; or (ii) by written notice of such designation
24 sent by counsel to all parties within seven (7) days after receipt by designating counsel of the
25 transcript of the deposition. The parties shall treat all testimony as "Confidential-Attorneys' Eyes
26 Only" hereunder until the expiration of seven (7) days after the deposition transcript becomes
27 available to counsel.  If any document or information designated as "Confidential" or
28 "Confidential-Attorneys' Eyes Only" is used during the course of a deposition, that portion of the

- 3 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access shall be limited pursuant to the other terms of this Protective Order.

4. **Use Limitations**

All "Confidential" or "Confidential-Attorneys' Eyes Only" information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this Litigation (including appeals) and not for any business, research, development, or other purpose whatsoever, and shall not be given, shown, or made available or communicated or summarized in any way to anyone except persons specified in Paragraph 7 below who have read and are bound by the terms of this Protective Order.

5. **"Confidential" Information Produced by Non-Parties**

This Protective Order shall apply to the parties to this Proceeding and also to any other person producing or disclosing "Confidential" or "Confidential-Attorneys' Eyes Only" information in this Proceeding who agrees or is ordered to be bound by this Protective Order. If, in the course of this action, information is sought from a non-party which would require such nonparty to disclose and/or produce "Confidential" or "Confidential-Attorneys' Eyes Only" information, such non-parties may obtain the protections of this Protective Order by executing a copy of Exhibit A hereto.

6. **Subsequent Designations**

Documents, deposition transcripts, and other information may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to Paragraphs 2 and 3 above, after they have been produced without having been so designated in the following manner:

(a) Counsel for the parties to whom such documents, testimony, or other information have been disclosed must be advised in writing of the new designation, except for deposition transcripts designated within the time period designated in paragraph 3(d);

(b) The designation applies only as of the date and time of receipt of notice by each person notified, except for deposition transcripts designated within the time period designated in paragraph 3(d);

(c) Counsel for the parties receiving notice of newly designated documents, testimony or other information, shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistently with such new designation, but shall not be responsible for any disclosure to nonparties occurring before receipt of notice described in Paragraph 6(a); and

(d) Counsel for the Designating Party will provide counsel for the party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the designation.

7. **Persons to Whom Confidential Material May Be Disclosed**

Confidential Material may be disclosed only as follows:

(a) Materials designated "CONFIDENTIAL–ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

(i) Any attorney who serves as outside litigation counsel of record to any party to this Litigation, and all legal assistants, stenographic and clerical employees working under the supervision of such attorney;

(ii) The parties' independent expert(s) or consultant(s), provided that any such person(s) or entity(s) agrees to be bound by this Protective Order by signing a copy of the acknowledgment from attached as Exhibit A. Confidential Material shall be disclosed to an expert or consultant only to the extent necessary for the expert or consultant to perform his or her work in connection with the litigation. No employee or regularly paid consultant of any party may serve as a consultant as defined by this section.

(iii) Up to three in-house attorneys designated for all defendants/counterclaimants and up to three in-house attorneys designated for all plaintiffs/counterclaim defendants, but only to the extent that the procedure set forth in paragraph 9, below is followed.

(iv) Any person of whom testimony is taken, where such person was the author or specified recipient of the designated material or is the present employee or expert witness for the Designating Party, or where counsel for the Designating Party has, either before or during the

- 5 -

deposition, approved the disclosure of such materials to that person, except that such person may not retain any such materials;

   (v) The Court and court personnel in this Proceeding, including Court Reporters, in accordance with Paragraph 10 herein; and

   (vi) Any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this Litigation, any jury or trial consulting services, or any vendor providing document management or other litigation support services, provided that any such person(s) or entity(s) agrees to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A. A vendor that solely provides copying or duplication services for a party shall not be required to execute Exhibit A, but shall otherwise be bound to maintain the confidentiality of any Confidential Materials that are provided by the party.

  (b) Materials designated "CONFIDENTIAL" may be revealed to the persons designated in subparagraph 7(a), above, as well as to the following persons:

   (i) Any named party to the litigation, including any present or former employee thereof to whom it is necessary that the designated material be shown for purposes of the litigation; and

   (ii) Any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

8. **Limited Exceptions:**

  (a) **Witnesses.** If a document designated as "Confidential" refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its author, or its source. *See Paragraph 11.* /s/ DM

  (b) **Certain Information Not Subject to Scope of Order.** ~~Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Confidential-Attorneys' Eyes Only," obtained lawfully by such party independently of any proceedings in this action, or which: (a) was, is, or~~ /s/ DM

- 6 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  ~~becomes public knowledge, not in violation of this Protective Order, or (b) the receiving party can~~
2  ~~establish that the information was in its rightful and lawful possession at the time of disclosure or~~
3  ~~was developed independently by the receiving party without the use of "Confidential"~~
4  ~~Information.~~ [initials]

5  **9.   Designation of In-House Attorneys**

6              For purposes of Paragraph 7(a)(iii) herein, each side in this litigation (with all
7  plaintiffs and all counterclaim defendants constituting one side and all defendants and all
8  counterclaimants constituting the other side) shall be entitled to designate up to three, "In-House
9  Attorneys" employed by or acting on behalf of one or more of the parties to this action who shall
10 be entitled to have access to documents designated "Confidential-Attorneys' Eyes Only." The
11 procedure for designating each In-House Attorney shall be as follows:

12              (a)   Before the In-House Attorney shall have access to documents designated as
13 "Confidential-Attorneys' Eyes Only," the side seeking to designate the In-House Attorney shall
14 notify counsel for all parties on the other side of the proposed designation.

15              (b)   Within seven (7) days after mailing (via overnight delivery or via e-mail)
16 of the information and signed undertaking described in subparagraph 9(a), any party may object
17 to the person proposed for approval if facts available to that party give it reason to believe there is
18 a reasonable likelihood that the designated person may use information designated "Confidential"
19 or "Confidential-Attorneys' Eyes Only" for purposes other than related to this Proceeding
20 ("Notice of Objection") or for any other improper purpose. The Notice of Objection shall set forth
21 the reasons for objecting to the designated person. Failure to object within seven (7) days to a
22 person proposed shall (unless the parties have agreed to the contrary) be deemed approval, but
23 shall not preclude a party from objecting to continued access of "Confidential" or "Confidential-
24 Attorneys' Eyes Only" information by that person where facts suggesting a good faith basis for
25 objection are subsequently learned by the party or its counsel.

26              (c)   If a party so objects, the requesting and objecting party shall within seven
27 (7) days from the date of the receipt of Notice of Objection, confer and attempt to resolve the
28 dispute ("Objection Conference"). If the parties cannot resolve the dispute, or if the conference

1  does not take place, then, within seven (7) days from the date of receipt of the Notice of
2  Objection, the objecting party may move the Court for an order that access to information
3  designated "Confidential" or "Confidential-Attorneys' Eyes Only" be denied to the designated
4  person. While the motion is pending, the In-House Attorney will be denied access to designated
5  material. These time periods are not to restrict a party from moving for a court order earlier if the
6  circumstances so require. Failure to file a motion within this period shall constitute waiver of the
7  specific objection discussed in the Notice of Objection and/or the Objecting Conference, but shall
8  not preclude a party from objecting to continued access of "Confidential-Attorneys' Eyes Only,"
9  information where facts suggesting a good faith basis for objection are subsequently learned by
10 the party or its counsel.

11 　　　　(d)　Once an In-House Attorney has been designated by a side, that side shall
12 not be entitled to re-designate an alternative In-House Attorney, absent extraordinary
13 circumstances, such as termination of the In-House Attorney's employment relationship. Any
14 proposed re-designation shall be subject to the same notice and objection proceedings outlined in
15 subparagraphs 9(a)-(c) above.

16 　　　　(e)　Once designated and approved according to the above procedures, the In-
17 House Attorney shall be entitled to have access to all materials designated as "Confidential-
18 Attorneys' Eyes Only," but shall not be entitled to share, disclose or discuss such documents with
19 any other individual or entity, including in-house litigation support staff.

20 **10.　Court Filings and Proceedings Involving "Confidential" Information**
21 　　　　(a)　Documents, interrogatory responses, responses to requests for admission,
22 depositions transcripts, or other information or material designated as "Confidential" or
23 "Confidential-Attorneys' Eyes Only," where filed with the pleadings or as evidence, shall not be
24 filed electronically, but shall be ~~delivered sealed to the Clerk of the Court and shall not be~~ submitted to the court in accordance with Civil Local Rule 79-5. [simultaneously]
25 ~~available for public inspection~~. To the extent feasible, however, the parties shall electronically file
26 a redacted version of any pleading containing "Confidential" or "Confidential-Attorneys' Eyes
27 Only" materials.
28

- 8 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

**11.   Resolution of Disputes**

Whenever a party objects to the classification of a document or transcript as "Confidential" or "Confidential-Attorneys' Eyes Only," as defined in Paragraphs 2 and 3 herein, it shall, in writing so inform the Designating Party. Once informed of an allegedly improper designation, the Designating Party has five (5) days to respond and provide its bases for the asserted designation. The parties must thereafter conduct a good faith conference to discuss the continued validity of the asserted designation within five (5) days after the bases for the continued, asserted designations are served. To the extent the parties are unable to reach an agreement as to the designation, the objecting [m] Party may make an appropriate application to this Court within five (5) days after conferring with the Designating [m] party or, if the required conference between the parties does not take place, within five (5) days after the bases for the continued, asserted designations are served, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be afforded treatment under the provisions of this Protective Order. Upon such application, the party asserting confidentiality bears the burden to establish same. Until the Court enters an order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" or "Confidential-Attorneys' Eyes Only" treatment described in Paragraph 7 herein.

**12.   Disposition of Confidential Material Following Conclusion of Litigation**

The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this Proceeding, including without limitation any appeals therefrom. Within thirty (30) days after termination of this Litigation and the expiration of time for all appeals, all originals and copies of a Party's Confidential Material (except as set forth in 12(a) below) shall be returned to counsel for the respective party that produced such Confidential Material, and any copies of electronic files transferred onto a computer hard drive will be erased. All extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein, shall be destroyed by each recipient of the material and a

- 9 -

1  certificate of their destruction will be provided to the Designating Party. The termination of

2  proceedings in this action shall not thereafter relieve the Parties from the obligation to maintain

3  the confidentiality of all Confidential Material received pursuant to this Protective Order.

4      (a)    Outside Counsel described in Paragraph 7(a) above shall be entitled to

5  retain "Confidential" or "Confidential-Attorneys' Eyes Only" pleadings, correspondence,

6  discovery requests and responses, deposition transcripts of its own client's witnesses, trial

7  transcripts and exhibits, and attorney work product, provided that such counsel and employees of

8  such counsel not disclose any such information and material designated as "Confidential" or

9  "Confidential-Attorneys' Eyes Only" contained in such pleadings, correspondence, discovery

10  requests and responses, transcripts and exhibits, or attorney work product to any person or entity

11  except pursuant to a written agreement with the producing party of the information or material or

12  unless compelled to do so by law.

13      (b)    All materials returned to the parties or their counsel by the Court likewise

14  shall be disposed of or retained in accordance with this paragraph. *Nothing herein shall be deemed to modify the court's policies and procedures for the retention and/or destruction of documents.* /RMW/

15  **13.  Non-parties**

16      In the event information in the possession or control of a party involves the

17  confidentiality rights of a non-party, or its disclosure would violate a Protective Order issued in

18  another action, the party with possession or control of the information will attempt to obtain the

19  consent of the non-party to disclose the information under this Order. If the consent of the non-

20  party cannot be obtained, the party will notify the party seeking discovery of (a) the existence of

21  the information without producing such information; and (b) the identity of the non-party

22  (provided, however, that such disclosure of the identity of the non-party does not violate any

23  confidentiality obligations). The party seeking discovery may then make further application to

24  the non-party or seek other means to obtain such information, provided, however, that this Order

25  does not require the party from whom disclosure is sought to violate any order to produce

26  documents issued by this or any other court.

27  **14.  Inadvertent Production of Privileged Documents**

*See, Hartford Fire Ins. Co. v. Garvey, 109 FRD 323, 331-32 (N.D. Cal. 1985).* /RMW/ /RMW/

28  ~~If a party inadvertently produces a document that it later discovers to be a~~

1  ~~privileged or confidential document, the production of that document shall not be deemed to~~
2  ~~constitute the waiver of any applicable privileges. In such circumstances, the producing party~~
3  ~~must immediately notify the receiving party of the inadvertent production, and request the return~~
4  ~~or confirmed destruction of the privileged materials. Within seven (7) days of receiving such~~
5  ~~notification, the receiving party shall return or confirm destruction of all such materials, including~~
6  ~~any summaries thereof. Such return or confirmation of destruction shall not preclude the~~
7  ~~receiving party from seeking to compel production of the materials for reasons other than its~~
8  ~~inadvertent production.~~ PVT

         SO STIPULATED

DATED: June 7, 2006                   QUINN EMANUEL URQUHART OLIVER
                                      & HEDGES, LLP


                                      By:      /s/ Claude M. Stern
                                              CLAUDE M. STERN

                                      Attorneys for Plaintiff

DATED: June 7, 2006                   MUNGER, TOLLES & OLSON LLP


                                      By:      /s/ Jeffrey L. Bleich
                                              JEFFREY L. BLEICH

                                      Attorneys for Defendant


SO ORDERED
DATED: ~~June~~ August 3, 2006


                                      _____
                                      Honorable ~~Ronald M. Whyte~~
                                      Patricia V. Trumbull

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I received a copy of the Protective Order entered in the action entitled Intuit Inc. v. H&R Block Eastern Enterprises, Inc. et al, case no. CV 06-2327 RMW PVT, pending in the United States District Court for the Northern District of California, have read same and agree to (1) be bound by all of the provisions thereof, and (2) submit to the jurisdiction of the United States District Court for the Northern District of California for all matters relating to this action.

Date:_____            _____

[Name of individual to whom disclosures will be made]