UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTUIT, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>H&R BLOCK EASTERN ENTERPRISES, INC., et al.,<br><br>    Defendants. | Case No.: C 06-2327 RMW (PVT)<br><br>**FURTHER ORDER RE PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY** |

    Pursuant to this court's prior order, on August 23, 2006, the parties filed supplemental briefs setting forth their respective proposals for a deadline for Defendants to supplement their responses and complete the document production ordered by this court.[1]  Defendants, in addition to setting forth a proposed production schedule, have also requested restriction on the scope of the discovery. Having reviewed the parties' submissions,

    IT IS HEREBY ORDERED that Defendants' request to further limit the scope of discovery is GRANTED IN PART.

    Interrogatory No. 1 is limited to the past two years, and Defendants need only make inquiry of current employees (with the exception of subpart E, for which they should make a reasonable inquiry of related H&R Block entities).  In light of Defendants' contention that they have insufficient

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

contacts with California to warrant jurisdiction, the burden of identifying any contacts they have had with California should be minimal.

Document Request Nos. 1 and 3 are limited to the past two years, and the search is limited to Defendants' current employees.

All other discovery requests at issue are limited to the past two years.

The foregoing further limitations are warranted in light of the showing of burden Defendants have now made, taking into consideration the nature of the claims and defenses at issue in this action. *See,* FED.R.CIV.PRO 26(b)(2)(iii). This court's order of August 9, 2006 expressly noted that Defendants had asserted objections other than to the scope of the jurisdictional discovery, and set a briefing procedure designed to allow Defendants to support those other objections. Yet Defendants failed to provide the court with *any* specific showing of burden, such as the fact that approximately 80,000 current and mostly former employees would need to be contacted. Had Defendants made a proper showing of burden in the briefing on the motion to compel, the court would have been better equipped to order appropriate limitations on the discovery. While Defendants' failure to timely make the showing of burden would be grounds to find the objection was waived (*See e.g., In re ATM Fee Antitrust Litigation*, 233 F.R.D. 542, 545 (N.D.Cal.2005)), the court finds the ends of justice will be best served by taking Defendants' untimely showing of burden into consideration.

IT IS FURTHER ORDERED that, to the extent Defendants are requesting this court to reconsider its order that the scope of jurisdictional discovery includes both general and specific jurisdiction, that request is DENIED. As this court previously noted, nothing in Judge Whyte's order purports to limit the scope of discovery that was *already* open. Motions to dismiss are often heard *before* discovery opens, in which cases courts are called upon to determine whether to allow *early* discovery on the issue of jurisdiction, and the scope of any such early discovery. It does not appear from the record herein that either party brought to Judge Whyte's attention the fact that discovery was already open by virtue of the automatic provisions of Rule 26(d).[2] And as this court pointed out,

---

[2] Nothing in *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001), cited by Defendants, suggests that the automatic provisions of Rule 26(d) do not apply to jurisdictional discovery. In that case, the parties had conducted substantial jurisdictional discovery before a motion to dismiss, and the court merely found that the Plaintiff had not shown that any *additional* jurisdictional discovery was warranted before the court ruled on the motion to dismiss.

1  Defendants never sought any protective order limiting the scope of discovery, and Judge Whyte's
2  order did not purport to issue any such protective order.
3      IT IS FURTHER ORDERED that Defendant HRB Royalty, Inc. shall complete its
4  supplemental responses and production by September 15, 2006, and Defendants H&R Block
5  Associates, Inc. and H&R Block Eastern Enterprises, Inc. shall complete their supplemental
6  responses and production by September 22, 2006.
7  Dated: *8/25/06*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

**United States District Court**
For the Northern District of California

ORDER, *page 3*