E-FILED on     8/29/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

INTUIT INC.,

    Plaintiff,

    v.

H&R BLOCK EASTERN ENTERPRISES, INC.; H&R BLOCK ENTERPRISES, INC.; H&R BLOCK AND ASSOCIATES, L.P.; and HRB ROYALTY, INC.,

    Defendants.

No. C-06-02327 RMW

ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DATED AUGUST 21, 2006

[Re Docket No. 92]

    H&R Block Eastern Enterprises, Inc., H&R Block and Associates, L.P., and HRB Royalty, Inc. (collectively, "H&R Moving Defendants") object to the magistrate judge's Order re Plaintiff's Motion to Compel Discovery dated August 21, 2006. After H&R Moving Defendants filed their objections on August 22, 2006, the magistrate judge issued on August 25, 2006 her Further Order re Plaintiff's Motion to Compel Discovery. The only objection that still remains unaddressed after the magistrate judge's Further Order deals with the scope of personal jurisdiction discovery.[1] The court

---

[1] The burden issue was not raised with the magistrate judge prior to her August 21, 2006 Order. It was raised in the H&R Moving Defendants' Objection and in supplementary briefing filed before the magistrate judge's Further Order. The magistrate judge did address the burden issue in her Further Order. In light of the deferential review by a district court on discovery issues, the

1  hereby affirms the magistrate judge's ruling that the "limited jurisdictional discovery" referred to in
2  this court's July 20, 2006 Order was not intended to restrict discovery to only plaintiff's theories that
3  jurisdiction could rest on either an agency or alter ego relationship between the H&R Moving
4  Defendants and some California entity.  By "limited jurisdictional discovery," the court intended to
5  limit discovery to the subject of personal jurisdiction—either general or specific.  H&R Moving
6  Defendants' request for a stay is denied as moot.

## ANALYSIS

H&R Moving Defendants request this court (1) reverse the magistrate judge's August 21, 2006 Order pursuant to Civil Local Rule 72-2 (Objection to Nondispositive Pretrial Decision)[2] or, in the alternative, reconsider the magistrate judge's August 21, 2006 Order pursuant to Civil Local Rule 7-9(b)(3), and (2) stay the magistrate judge's August 21, 2006 Order pending disposition of the motion to reverse or reconsider that order.

H&R Moving Defendants' main argument in support of their motion is that this court's July 20, 2006 Order limited jurisdictional discovery to Intuit Inc.'s ("Intuit's") agency and alter ego theories of personal jurisdiction.  H&R Moving Defendants contend that the court's July 20, 2006

---

court assumes the parties will comply without objection to the magistrate judge's Further Order.  *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Rule 72(a)); *F.D.I.C. v. Fidelity & Deposit Company of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) ("The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters.").  In any event, before this court will act on any objection based upon burden or the magistrate judge's limitation on the scope of discovery ordered, a party will have to file an objection to the Further Order.

[2]    Civil Local Rule 72-2 provides:

Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning an objection to a Magistrate Judge's order pursuant to FRCivP 72(a) and 28 U.S.C. § 636(b)(1)(A). The District Judge may deny the objection by written order at any time, but may not grant it without first giving the opposing party an opportunity to brief the matter. If no order denying the motion or setting a briefing schedule is made within 15 days of filing the objection, the objection shall be deemed denied. The Clerk shall notify parties when an objection has been deemed denied.

Order "recognized that Intuit had failed to make a *prima facie* case to warrant jurisdictional discovery on either its general jurisdiction or non-alter ego/agency theories":

> The [c]ourt accepted uncontradicted evidence that Moving Defendants are not authorized to do—and do not do—business in California, provide no products or services to customers in California, employ no workers in California, have no offices in California, and were not involved in any way in creating or arranging the broadcast of the disputed advertisement.

Jt. Br. Re Mot. Compel at 2-3. H&R Moving Defendants further note that the court's July 20, 2006 Order permitted only *limited* jurisdictional discovery. Thus, H&R Moving Defendants take issue with the magistrate judge's August 21, 2006 Order because it did not recognize such a purported limit to jurisdictional discovery. Intuit argues that this court's July 20, 2006 Order did not limit jurisdictional discovery and the term "limited" referred to discovery being limited to the issue of personal jurisdiction.[3]

The court's July 20, 2006 Order deferred ruling on H&R Moving Defendants' motion to dismiss for lack of personal jurisdiction. In that order, the court found that "[t]he present situation appears to be one where 'a more satisfactory showing of the facts is necessary.'" *See Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.") (citation omitted). The court noted that a more satisfactory showing of facts was needed in two respects. First, there were insufficient facts upon which to consider whether personal jurisdiction might exist under either an agency or alter ego theory:

> What is unclear is (1) whether the H&R Block entity or entities that *were* involved in the development and airing of the H&R Ad have a relationship with the moving defendants that would give rise to an imputation of sufficient forum contacts and (2) whether the moving defendants have an alter ego or similar relationship with one or more H&R Block entities that have jurisdictionally sufficient contacts with California. Accordingly, the court finds that limited jurisdictional discovery is appropriate here.

July 20, 2006 Order at 7:15-20. Second, the court found that the information provided by the H&R Moving Defendants about H&R's subsidiaries in support of their argument that they did not have

---

[3] The court acknowledges that its July 20 Order might have been more clear if it had referred to "discovery limited to personal jurisdiction" rather than "limited jurisdictional discovery."

anything to do with the H&R ad at issue was too sketchy. Although the court considered the information provided that the H&R Moving Defendants are not incorporated in California, do not conduct business in California, have no employees in California and were not involved in "creating" or "arranging" the H&R ad in dispute, the court did not find the information conclusive of the determination of either specific or general jurisdiction. *See* July 20 Order at 8:5-9 ("Although H&R Block disputes that moving defendants had anything to do with the allegedly offending ad, the court finds that the sketchy information provided by H&R about its subsidiaries justifies limited jurisdictional discovery.").

**ORDER**

The magistrate judge's order that discovery is not limited to agency and alter ego theories of personal jurisdiction is affirmed. Discovery is limited only to personal jurisdiction questions. H&R Moving Defendants' motion for a stay pending this court's ruling is denied as moot.

DATED:    8/29/06

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Claude M. Stern          claudestern@quinnemanuel.com

**Counsel for Defendants:**

Jeffrey L. Bleich         bleichjl@mto.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      **8/29/06**                                    **SPT**
                                                  **Chambers of Judge Whyte**